# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

JOSEPH ANTHONY FAVORS,                    Civil No. 13-428 (JRT/LIB)

                    Plaintiff,

v.

MICHELLE HOOVER, CAL LUDEMAN,
LUCINDA JESSON, DANIEL STORKAMP,
DENNIS BENSON, JEANINE HEBERT, LORI
SWANSON, LINDA BERGLIN, RALPH
SCHMIDT, DAVID PRESCOTT, MANDY
TORGERSON, ROB ROSE, JAMIE JUNGERS,
DIANNA MAGAARD, DEB KONIESKA, DEB          **MEMORANDUM OPINION
JAMES, JULI ROSE, BETH VIRDEN, JOANN       AND ORDER ADOPTING
FABIAN, JEFFREY L. PETERSON, DEBORAH       IN PART AND REJECTING
J. SCHADEGG, CHRISTOPHER BORELAND,         IN PART THE REPORT AND
MARK MEHL, JOHN KING, MARNIE               RECOMMENDATION OF THE
DOLLINGER, TIM GORR, ANN LINKERT           MAGISTRATE JUDGE**
(ZIMMERMAN), JEAN SEYKORA, THOMAS
LUNDQUIST, CHAD MESOJEDEC, TODD
WHITE, (O.D.) GULLICKSON, TERRY
KNIESEL, NATALIE STEINERT, LESLIE
BARFKNETCH, DENNIS GENEREAU, JR.,
JAMIE KOZISCH, TRACY GEBHART, KEVIN
BROWNE, CRAIG BERG, ERIC MELBY,
STEVE YOUNGST, JON HIBBER, KEVIN
SCHLERER, JENA JONES, RICK O'CONNER,
ROD LIGGET, EYVETTE ANDERSON, JOHN
HOFFMAN, JENNY CHESTBROUGH, PHIL
WILDER, OFFICE OF HEALTH FACILITY
COMPLAINTS, DHS OFFICE OF
MALTREATMENT COMPLAINTS, OFFICE
OF LICENSING FOR THE SECURITY
HOSPITAL, THE STATE OF MINNESOTA, and
REBECCA RANEM,

                    Defendants.

Joseph Anthony Favors, 100988, Minnesota Correction Facility - Moose
Lake, 1111 Highway 73, Moose Lake, MN 55767, *pro se* plaintiff.

Michelle Hoover, 3763 Lawrence Street, Barnum, MN 55707, *pro se*
defendant.

Anthony R. Noss, Ricardo Figueroa, and Kelly S. Kemp, Assistant
Attorneys General, **MINNESOTA ATTORNEY GENERAL'S OFFICE**,
445 Minnesota Street, Suite 1100, St. Paul, MN  55101, for defendants
Dennis Benson, Lucinda Jesson, Daniel Storkamp, Jeanine Herbert, Lori
Swanson, Ralph Schmidt, Mandy Torgerson, Rob Rose, Dianna Magaard,
Deb James, Juli Rose, Beth Virden, Joann Fabian, Jeffrey L. Peterson,
Deborah J. Schadegg, John King, Ann Linkert, Jean Seykora, Thomas
Lundquist, Chad Mesojedec, Todd White, (O.D.) Guillickson, Terry
Kniesel, Jamie Kozisch, Tracy Gebhart, Craig Berg, Steve Youngst, Jon
Hibber, Kevin Schlerer, Jena Jones, Rick O'Conner, Eyvette Anderson,
Office of Health Facility Complaints, DHS Office of Maltreatment
Complaints, Office of Licensing for the Security Hospital, State of
Minnesota, and Rebbeca Ranem.

Andrea G. White, Assistant Dakota County Attorney, **DAKOTA
COUNTY ATTORNEY'S OFFICE**, 1560 Highway 55, Hastings, MN
55033, for defendants Christopher Boreland and Mark Mehl.

James R. Andreen, **ERSTAD & RIEMER, PA**, 8009 34th Avenue South,
Suite 200, Minneapolis, MN  55425, for defendant Dennis Genereau, Jr.

Plaintiff Joseph Anthony Favors is civilly committed at the Minnesota Sex

Offender Treatment Program in Moose Lake, Minnesota.  On February 21, 2013, Favors

filed a complaint under 42 U.S.C. §§ 1981, 1983, 1985, and 1986 alleging various civil

rights violations and naming 56 individuals and state agencies as defendants.   On

October 25, 2013, United States Magistrate Judge Leo I. Brisbois issued an Amended

Report and Recommendation ("Amended R&R") recommending that the Court dismiss

sixteen defendants without prejudice for failure to effect proper service.  Favors objected

to the R&R on the basis that he has no way to obtain the unserved defendants' home

addresses.  Because fifteen defendants remain unserved and have not made an appearance in this matter, and because Favors fails to show good cause as to why these fifteen defendants should not be dismissed, the Court will adopt the Amended R&R as to these fifteen defendants and dismiss Favors claims against them without prejudice.

## BACKGROUND

On February 21, 2013, Favors filed a complaint with this Court alleging several civil rights violations against 56 individuals and state agencies.  (Compl., Feb. 21, 2013, Docket No. 1.)  On April 2, 2013, the Court granted Favors' application to proceed *in forma pauperis* and ordered the United States Marshal's Service to serve a copy of the summons and complaint on the defendants as directed by Favors.  (Order on Appl. to Proceed Without Prepayment of Fees, Apr. 2, 2013, Docket No. 3.)  The service returns indicate that the Marshal's Service was unable to serve 20 of the defendants, in large part, because Favors directed the Marshal's Service to serve these defendants at places of employment where the defendants no longer worked.  The following defendants were not served[1]: Leslie Barfknetch, Kevin Browne, Dennis Benson, Linda Berglin, Christopher Boreland, Jenny Chestbrough, Marnie Dollinger, Joann Fabian, Tim Gorr, John Hoffman, Michelle Hoover, Jamie Jungers, Deb Konieska, Rod Ligget,[2] Cal Ludeman, Mark Mehl, Eric Melby, David Prescott, Natalie Steinert, and Phil Wilder.  (Summons Returned

---

[1] The Court will refer to the names of defendants by the spelling used on the Court's docket for this matter.

[2] Favors never requested service for Rod Ligget. (*See* Docket No. 4.)

Unexecuted, July 8, 2013, Docket No. 56; Summons Returned Unexecuted, July 15, 2013, Docket No. 62; Summons Returned Unexecuted, July15, 2013, Docket No. 63.)

In addition to directing the Marshal's Service to complete service, Favors made two motions for partial service by publication, which the Magistrate Judge denied. (Order, July 8, 2013, Docket No. 55; Order, Aug. 16, 2013, Docket No. 66.)   The Magistrate Judge gave Favors 45 days from the date of the August 16, 2013 Order to perfect service on the unserved defendants before the Magistrate Judge would recommend that the unserved defendants be dismissed without prejudice.   (Order, Aug. 16, 2013, Docket No. 66.)

On September 9, 2013, Favors filed a discovery request and motion for court ordered discovery asking the Court to order several defendants to provide Favors the residential addresses of 24 individual defendants who are current or former employees of the Minnesota Department of Corrections and Department of Human Services.   (Disc. Req., Sept. 9, 2013, Docket No. 72; Mot. for Ct. Ordered Disc. Information, Sept. 9, 2013, Docket No. 74.)   The Magistrate Judge denied the motion without prejudice on the grounds that Favors did not explain what efforts he undertook to obtain the addresses on his own or why the defendants that Favors demanded the addresses from should be required to produce the requested addresses.   (Order, Sept. 17, 2013, Docket No. 81.)

On October 9, 2013, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the 20 remaining unserved defendants be dismissed.   (R&R, October 9, 2013, Docket No. 83.)   Subsequently, the Marshal's Service completed service on four additional defendants for which Favors provided new addresses: Dennis

Benson, Christopher Boreland, Michelle Hoover, and Mark Mehl. (Resp. to Ct. Order, Aug. 26, 2013, Docket No. 67; Resp. to Ct. Order, Sept. 9, 2013, Docket No. 73; Summons Returned Executed, Oct. 22, 2013, Docket No. 96; Acknowledgment of Service, Oct. 22, 2013, Docket No. 97.)  The Magistrate Judge then issued an Amended R&R to recommend that the Court dismiss only the sixteen remaining unserved defendants. (Amended R&R, Oct. 25, 2013, Docket No. 100.)  The Amended R&R does not take into account that on October 18, 2013, Joann Fabian, one of the sixteen remaining unserved defendants filed an answer to Favors' complaint. (Answer of Fabian, Peterson, Schadegg, King, and Minnesota Office of Health Facility Complaints, Oct. 18, 2013, Docket No. 87.)

Favors objects to the original R&R and the Amended R&R on the grounds that his motion to compel discovery was improperly denied, therefore he was unable to obtain residential addresses to serve the remaining unserved defendants. (Objection to R&R, Oct. 17, 2013, Docket No. 86; Amended Objection to R&R, October 18, 2013, Docket No. 95; Mem. Supp. Pl.'s Objection to Def.'s Objection to Pl.'s Objection to R&R, Nov. 4, 2013, Docket No. 127.)

## ANALYSIS

### I.   STANDARD OF REVIEW

Upon the filing of a report and recommendation by a magistrate judge, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The

district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).

## II.      FAVORS' OBJECTIONS

A plaintiff is responsible for serving a summons and complaint on all defendants in a timely manner.  Fed. R. Civ. P. 4(c)(1).  If a plaintiff fails to serve a defendant within 120 days, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time" unless the plaintiff shows good cause for the failure.  Fed. R. Civ. P. 4(m).  If good cause is shown, the court must extend the time for service.  *Id.*  In order to show good cause to extend the time for service, a plaintiff must show "'at least 'excusable neglect' – good faith and some reasonable basis for noncompliance with the rules.'"  *Kurka v. Iowa Cnty., Iowa*, 628 F.3d 953, 957 (8th Cir. 2010) (quoting *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996)).  It is a plaintiff's responsibility to provide a proper address to effectuate service of the summons and complaint, even if granted *in forma pauperis* status.  *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993).

Favors contends that he is unable to obtain the addresses of the unserved defendants because he is incarcerated.  But, Favors' incarceration has not kept him from acquiring addresses to serve several of the defendants he sought addresses for in his discovery request.[3]

---

[3] Favors also contends that the interest of justice requires that the court reject the Magistrate Judge's recommendation to dismiss the unserved defendants because the Magistrate Judge improperly denied Favors' discovery request.  While Favors did not appeal the Magistrate

(Footnote continued on next page.)

Besides pointing to his incarceration, Favors has made no showing that he has no way to obtain addresses for the unserved defendants without compelled discovery, nor has he demonstrated any effort to obtain the addresses beyond his discovery request. Therefore, the Court finds that Favors has not demonstrated the good faith and reasonable basis for noncompliance required to show good cause and prevent dismissal under Federal Rule of Civil Procedure 4(m).  *Cf. Daniels v. Corr. Med. Servs., Inc.*, 380 F. Supp. 2d 379, 384 (D. Del. 2005) (finding that a *pro se* inmate's failure to timely serve defendants warranted dismissal where inmate directed the Marshal's Service to serve defendants at a hospital where they no longer worked, summons were returned unexecuted, and the inmate made not further attempts to serve the plaintiffs or obtain their current addresses), *aff'd sub nom. Daniels v. Corr. Med. Serv.*, 174 F. App'x 655 (3d Cir. 2006).

Based on Favors' failure to show good cause, the Court will adopt the Amended R&R with respect to the fifteen defendants that have still not been served or made an appearance in this matter.  The Court will reject the Amended R&R with respect to

_____

(Footnote continued.)

Judge's discovery order, the Court notes that the standard of review for an appeal of a magistrate judge's order on a non-dispositive issue is extremely deferential.  *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999).  The Court must affirm the order unless it is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A); D. Minn. LR 72.2(a)(3). Magistrate judges are afforded wide discretion in handling discovery matters and are "free to use and control pretrial procedure in furtherance of the orderly administration of justice."  *Cook v. Kartridg Pak Co.*, 840 F.2d 602, 604 (8th Cir. 1988).  The Magistrate Judge cited Favors' lack of effort to obtain addresses on his own and the Court's reluctance to engage in discovery at this early stage of litigation.  (Order at 1–2, Sept. 17, 2013, Docket No. 81.)  This Court does not find that the Magistrate Judge's denial of Favors' discovery request resulted in the "fundamental unfairness" and abuse of discretion required to reverse the Order.  *See Cook*, 840 F.2d at 604.

defendant Joann Fabian because she has affirmatively placed herself within the jurisdiction of the Court by filing her answer.  *See* Fed. R. Civ. P. 12(h)(1)(B).  If Favors obtains addresses for any of the unserved defendants at a later date, Favors can ask the Court for permission to amend his Complaint and join additional defendants.  Fed. R. Civ. P. 15(a)(2).

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES in part** and **SUSTAINS in part** Plaintiff's objections [Docket Nos. 86, 95] and **ADOPTS in part** and **REJECTS in part** the Amended Report and Recommendation of the Magistrate Judge dated September 25, 2013 [Docket No. 100]. Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Complaint [Docket No. 1] is **DISMISSED without prejudice** with regard to the following Defendants:

1.    Cal Ludeman, Individual/Official and as Commissioner of DHS/MSOP, and their successors in interest;

2.    Linda Berglin, Individual/Official and as State Senator of DHS/MSOP, and their successors in interest;

3.    David Prescott, Individual/Official and as former Clinical Director DHS/MSOP, and their successors in interest;

4.    Jamie Jungers, Individual/Official and as OSI Supervisor, DHS/MSOP, and their successors in interest;

5.    Deb Konieska, Individual/Official and as Behavior Analysis, DHS/MSOP, and their successors in interest;

6.     Marnie  Dollinger,  Individual/Official  and  as  Clinic  Supervisor, DHS/MSOP, and their successors in interest;

7.     Tim Gorr, Individual/Official and as Security Director, DHS/MSOP, and their successors in interest;

8.     Natalie Steinert, Individual/Official and as Client Advocate, DHS/MSOP, and their successors in interest;

9.     Leslie Barfknetch, Individual/Official and as Client Supervisor, and their successors in interest;

10.    Kevin Browne, Individual/Official and as BEU Supervisor, DHS/MSOP, and their successors in interest;

11.    Eric Melby, Individual/Official and as Clinical Therapist, DHS/MSOP, and their successors in interest;

12.    Rod Ligget, Individual/Official and as Security Counselor, DHS/MSOP, and their successors in interest;

13.    John Hoffman, Individual/Official and as Recreation Worker, DHS/MSOP, and their successors in interest;

14.    Jenny  Chestbrough,  Individual/Official  and  as  Security  Counselor, DHS/MSOP, and their successors in interest; and

15.    Phil Wilder, Individual/Official and as HSA Supervisor, DHS/MSOP, and their successors in interest.

DATED: December 12, 2013                 _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                          JOHN R. TUNHEIM
                                                    United States District Judge