UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Joseph Anthony Favors,

        Plaintiff,                            Court File No. 13-cv-428 (JRT/LIB)

v.                                     **REPORT AND RECOMMENDATION**

Michelle Hoover, et al.,

        Defendants.

---

This matter came before the undersigned United States Magistrate Judge upon Defendant Dennis Genereau's Motion to Dismiss, [Docket No. 10].[1] The case has been referred to the undersigned Magistrate Judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. The Court took Defendant Genereau's Motion under advisement on the parties' written submissions.[2] For reasons outlined below, the Court recommends that Defendant Genereau's Motion to Dismiss, [Docket No. 10], be **GRANTED.**

I.     **STATEMENT OF FACTS**

Plaintiff Joseph Anthony Favors ("Plaintiff") is civilly committed in the Minnesota Sex Offender Program in Moose Lake, Minnesota (MSOP). On February 21, 2013, Plaintiff filed a Complaint pursuant to 42 U.S.C. §§ 1981, 1983, 1985, and 1986, alleging numerous civil rights

---

[1] Per previous order by the Court: "Although styled a 'Motion for Summary Judgment,' Defendant Genereau's motion clearly seeks relief under Fed. R. Civ. P. 12, and not under Fed. R. Civ. P. 56. (See Def. Genereau's Mot. Summ. J. [Docket No. 10]; see also Def. Genereau's Mem. Supp. Mot. Summ. J. [Docket No. 12] (arguing for dismissal under Fed. R. Civ. P. 12, and not for summary judgment under Fed. R. Civ. P. 56)). Even Defendant Genereau, in his reply memorandum, identifies his motion as a Motion to Dismiss. (See Def. Genereau's Reply Mem. Supp. Mot. Dismiss [Docket No. 37]). Accordingly, the Court will hereinafter refer to Defendant Genereau's motion as a Motion to Dismiss." (Order [Docket No. 55], at 1).

2 Plaintiff originally filed a Motion Opposing Defendant Genereau's Motion to Dismiss, [Docket No. 30]. The Court has since denied Plaintiff's motion as moot and refers to Plaintiff's briefs and other documents in opposition to Defendant Genereau's Motion. (Order [Docket No. 55]).

1

violations and naming numerous Defendants. (Compl. [Docket No. 1]). In his Complaint, Plaintiffs states, "This litigation addresses only the treatment he has or has not received while he has been confined [at MSOP], the unconstitutional punishment that has been imposed on him while he has been confined, and the counter-therapeutic employee misconduct under which he is confined." (Id. ¶ 98).

Specifically with regard to Defendant Genereau, Plaintiff's Complaint alleges that from 2009 through 2011, Defendant Genereau was employed by the State of Minnesota as an Assistant Prosecuting Attorney for Carlton County, Minnesota. (Id. ¶ 59). Plaintiff claims that in this capacity, Defendant was "responsible for assuring State created liberty interests, constitutional rights, and upholding the laws of Minnesota." (Id.)

In his capacity as an Assistant Carlton County Prosecutor, Defendant Genereau brought criminal charges against Plaintiff in 2010 – charges which were later dismissed. In reference to these 2010 charges, Plaintiff alleges:

> Mr. Genereau has authority and responsibility for the criminal complaint and the charges therein he filed against Mr. Favors in 2010; responsible to assure that legal standards related thereto are within constitutional laws of the United States against retaliation; responsible for all allegations he made against Mr. Favors in the aforesaid complaint; responsible for implementing all Mr. Favors' civil rights (State, federal, and Constitutional); responsible for the criminal charges he brings against a citizen of the United States; responsible for abiding by legal limits at all times as an Assistant Prosecuting Attorney for Carlton County; and responsible for the custody, shackles, chains, handcuffs, four hour security vehicle ride, one day in Carlton County District Court, personal and physical traumas of the ordeal to Mr. Favors in (about) October 2010 by bringing criminal charges against Mr. Favors related directly to lawfully filled complaints.

(Id.) Plaintiff goes on to allege that Defendant Genereau knew or should have known that the underlying criminal charges against Plaintiff "violated the law," yet Defendant Genereau nevertheless "approved" the charges and the scope and manner of Plaintiff's prosecution. (Id.)

Plaintiff alleges that Defendant Genereau's involvement in Plaintiff's 2010 criminal prosecution provides the basis for Plaintiff's allegations of "unconstitutional abuse, unconstitutional criminal charges by Complaint, unconstitutional witness testimony, unconstitutional evidence . . . [and] brutally cruel and wanton abuse . . . ." (Id.) In this capacity, Plaintiff alleges that Defendant Genereau is responsible for depriving Plaintiff of his constitutional rights.

More specifically, Plaintiff alleges that Defendant Genereau unconstitutionally used Defendant Hoover's "stalking report" (filed against Plaintiff on or about March 12, 2010) to pursue the criminal charges filed against Plaintiff in Carlton County. (Id. ¶ 79).

> Mr. Favors alleges that Defendants . . . [list of multiple Defendants] . . . Dennis Genereau, et al, knew or should have known that the Criminal Complaint violated State, federal and constitutional laws, and, Mr. Favors' civil rights to file complaints "*free from interference, restraint, coercion, reprisal, threatening discharge from treatment, punishment*," against Defendant Michelle Hoover.
>
> Mr. Favors alleges that Defendants including specifically . . . [list of multiple Defendants] . . . Dennis Genereau, et al., subjected Mr. Favors to damages, including, but not limited to, unconstitutional criminal complaint with the intent and purpose to wrongfully prosecute Mr. Favors to imprison him; emotional anguish and fear of wrongful conviction; intimidation, humiliation, harassment; false allegations; use of State authority under the color of law for personal revenge and retaliation; physical chains, handcuffs, shackles for eight hours in the caged back of a security vehicle; a day in Carlton County District Court; pain and suffering of physical, emotional, and psychological stress/extreme abuse; civil rights violations; bias; violation of the First, Fourth, and Fourteenth Amendment of the United States Constitutional;

>   violation of the Minnesota Constitution; violation of State and federal Statutes; violation of State Regulations.

(Id. ¶¶ 269-270) (emphasis in original).

These allegations represent all allegations in Plaintiff's 104-page Complaint implicating Defendant Genereau.

## II.   DEFENDANT GENEREAU'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM [DOCKET NO. 10]

### A.   Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In addressing a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim, "we look only to the facts alleged in the complaint and construe those facts in the light most favorable to the plaintiff." Riley v. St. Louis County of Mo., 153 F.3d 627, 629 (8th Cir. 1998) (citing Double D Spotting Serv., Inc. v. Supervalu, Inc., 136 F.3d 554, 556 (8th Cir. 1998)), cert. denied 525 U.S. 1178 (1999).  All reasonable inferences must be drawn in favor of the nonmoving party.  See Maki v. Allete, Inc., 383 F.3d 740, 742 (8th Cir. 2004).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulistic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and "[w]here a complaint pleads facts that are 'merely consistent

with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), quoting Twombly, 550 U.S. at 556-67. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 664.

Courts must undertake the "context-specific task" of determining whether the moving party's allegations "nudge" its claims against the defendant "across the line from conceivable to plausible." See id. at 679-81. The moving party must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.; see also Farnam Street Fin., Inc. v. Pump Media, Inc., No. 09-233 (MJD/FLN), 2009 WL 4672668, at *3 (D. Minn. Dec. 8, 2009) (citing Iqbal, 556 U.S. at 678).

**B.   Plaintiff's claims as pled against Defendant Genereau fail to state a claim upon which relief may be granted because Defendant Genereau is entitled to absolute prosecutorial immunity.**

As outlined above, Plaintiff's suit against Defendant Genereau arises exclusively out of his actions as an Assistant Carlton County Attorney. "A state prosecutor enjoys absolute immunity from lawsuits based on acts performed 'in initiating a prosecution and in presenting the State's case." Peterson v. Clay County, No. 11-cv-3641 (MJD/LIB), 2013 U.S. Dist. LEXIS 28360, at *4, 2013 WL 785620 (D. Minn. Mar. 1, 2013) (Davis, C.J.) (quoting Imbler v. Pacthman, 424 U.S. 409, 431 (1976)). Such "[a]bsolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process." Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir. 1996); see also Williams v. Hartje, 827 F.2d 1203, 1208

(8th Cir. 1987) (prosecutorial immunity covers "actions connected with the initiation of prosecution").

Plaintiff argues that Defendant Genereau's decision to bring criminal charges against Plaintiff in 2010, and the fact that Defendant Genereau referred to complaints Plaintiff lodged against Defendant Hoover in making that decision, constitutes a violation of Plaintiff's constitutional rights. (Compl. [Docket No. 1], ¶¶ 59, 269, 270). As pled, Plaintiff's claims against Defendant Genereau relate exclusively to his role as a prosecutor: the filing of criminal charges and the review of evidence in support of the charging decision are factual allegations of conduct within the core prosecutorial functions that fall within prosecutorial immunity. See, e.g., Brodnicki, 75 F.3d at 1266 (initiation and presentation of prosecution's case within the scope of prosecutorial immunity). Relying on and/or interviewing witnesses – including Defendant Hoover[3] – is not outside of the prosecutorial function. Williams v. Hartje, 827 F.2d 1203, 1210 (8th Cir. 1987) (holding a prosecutorial immune from damages for claims arising out of his interviews with prison inmates conducted to determine if they had any knowledge of the circumstances of the death of an inmate); Brodnicki, 75 F.3d at 1267 ("It is fundamental that '[p]reparation both for the initiation of the criminal process and for trial, may require the obtaining, reviewing, and evaluating of evidence.'").

"Absolute prosecutorial immunity 'defeats a case at the outset, so long as the official's actions were within the scope of the immunity.'" Peterson, 2013 U.S. Dist. LEXIS 28360, at *5, 2013 WL 785620 (quoting Imbler, 424 U.S. at 419 n. 13). In the present case, Plaintiff has

---

[3] The present record before the Court does not indicate whether or to what extent Defendant Genereau relied on Plaintiff's complaints against Defendant Hoover, or whether or to what extent Defendant Genereau interviewed Defendant Hoover in connection with the 2010 Carlton County criminal charges against Plaintiff. Regardless, by his Complaint, Plaintiff alleges that any reference to Plaintiff's complaints against Hoover in making charging decisions constitutes a constitutional affront.

alleged no specific facts that would demonstrate that Defendant Genereau acted at any time outside the scope of his prosecutorial immunity.

In his opposition briefing, Plaintiff claims that Defendant Genereau is not shielded from suit by prosecutorial immunity because he was engaged in "investigative or administrative tasks of obtaining evidence to charge plaintiff." (Pl.'s Opp. Mem. [Docket No. 31], at 5). While Plaintiff correctly notes generally that prosecutorial immunity may not necessarily extend to prosecutors when not acting as "an officer of the court" but instead performing "investigative or administrative tasks," see Van de Kamp v. Goldstein, 555 U.S. 335, 342 (2009), Defendant Genereau's implicated actions as alleged in the present Complaint fall fully within the scope of absolute prosecutorial immunity.

"To decide whether absolute immunity attaches to a particular kind of prosecutorial activity, one must take account of the "functional" considerations discussed above. In Imbler, the Court concluded that the 'reasons for absolute immunity appl[ied] with full force' to the conduct at issue because it was 'intimately associated with the judicial phase of the criminal process.'" Id. at 342-43 (internal citations omitted). "This includes actions connected with initiation of prosecution, even if those actions are patently improper." Williams, 827 F.2d at 1208. Defendant Genereau's inextricably linked decisions to investigate criminal charges against Plaintiff and to then initiate charges based on that investigation (even if it was later dismissed) fall fully within the scope his actions as an officer of the court and are intimately associated with the judicial process. Accordingly, prosecutorial immunity shields Defendant Genereau from the present suit.

As a result, the Court recommends that the claims against Defendant Genereau be **DISMISSED with prejudice** on the grounds of absolute prosecutorial immunity.

### III. CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant Genereau's Motion to Dismiss, [Docket No. 10], be **GRANTED** and that Plaintiff's claims against him be **DISMISSED with prejudice** for reasons set for above.


Dated: January 21, 2014                                    s/Leo I. Brisbois
                                                           The Honorable Leo I. Brisbois
                                                           United States Magistrate Judge


**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by February 4, 2014**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections **by February 18, 2014**. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.