# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| JOSEPH ANTHONY FAVORS,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>MICHELLE HOOVER, LUCINDA JESSON, DANIEL STORKAMP, DENNIS BENSON, JEANINE HEBERT, LORI SWANSON, RALPH SCHMIDT, MANDY TORGERSON, ROB ROSE, DIANNA MAGAARD, DEB JAMES, JULI ROSE, BETH VIRDEN, JOANN FABIAN, JEFFREY L. PETERSON, DEBORAH J. SCHADEGG, CHRISTOPHER BORELAND, MARK MEHL, JOHN KING, ANN LINKERT (ZIMMERMAN), JEAN SEYKORA, THOMAS LUNDQUIST, CHAD MESOJEDEC, TODD WHITE, (O.D.) GULLICKSON, TERRY KNIESEL, JAMIE KOZISCH, TRACY GEBHART, CRAIG BERG, STEVE YOUNGST, JON HIBBER, KEVIN SCHLERER, JENA JONES, RICK O'CONNER, EYVETTE ANDERSON, OFFICE OF HEALTH FACILITY COMPLAINTS, DHS OFFICE OF MALTREATMENT COMPLAINTS, OFFICE OF LICENSING FOR THE SECURITY HOSPITAL, THE STATE OF MINNESOTA, and REBBECA RANEM,<br><br>　　　　　　Defendants. | Civil No. 13-428 (JRT/LIB)<br><br><br><br><br><br>**MEMORANDUM OPINION AND ORDER ON RULE 60(b)(4) MOTIONS** |

Joseph Anthony Favors, No. 100988, Minnesota Correction Facility - Moose Lake, 1111 Highway 73, Moose Lake, MN 55767, *pro se*.

Angela Helseth Kiese, Assistant Attorney General, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1800, St. Paul, MN 55101, for defendant Michelle Hoover.[1]

---

[1] For the sake of simplicity, the Court uses the same spelling for each defendant's name that the Plaintiff uses in his complaint. The same spelling is used in the electronic docket.

Anthony R. Noss, Assistant Attorney General, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1100, St. Paul, MN  55101, for defendants Lucinda Jesson, Daniel Storkamp, Jeanine Hebert, Ralph Schmidt, Mandy Torgerson, Rob Rose, Dianna Magaard, Deb James, Juli Rose, Beth Virden, Ann Linkert (Zimmerman), Jean Seykora, Thomas Lindquist, Chad Mesojedec, Todd White, (O.D.) Guillickson, Terry Kniesel, Jamie Kozisch, Tracy Gebhart, Craig Berg, Steve Youngst, Jon Hibber, Kevin Schlerer, Jena Jones, Rick O'Conner, Eyvette Anderson, DHS Office of Maltreatment Complaints, Office of Licensing for the Security Hospital, and Rebbeca Ranem.

Anthony R. Noss, Assistant Attorney General,  **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1100, St. Paul, MN  55101; and Ricardo Figueroa, **MINNESOTA DEPARTMENT OF HUMAN SERVICES**, Post Office Box 64998, St. Paul, MN  55164, for defendants Dennis Benson, Lori Swanson, and State of Minnesota

Kelly S. Kemp, Assistant Attorney General, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 900, St. Paul, MN  55101, for defendants Joann Fabian, Jeffrey L. Peterson, Deborah J. Schadegg, John King, and Office of Health Facility Complaints.

Jeffrey A. Timmerman, Assistant County Attorney, **DAKOTA COUNTY ATTORNEY'S OFFICE**, 1560 Highway 55, Hastings, MN  55033, for defendants Christopher Boreland and Mark Mehl.

Plaintiff Joseph Anthony Favors ("Favors") is civilly committed at the Minnesota Sex Offender Treatment Program ("MSOP") in Moose Lake, Minnesota.  Alleging various civil rights violations and naming fifty-six individuals and state agencies as defendants, Favors filed a complaint under 42 U.S.C. §§ 1981, 1983, 1985, and 1986 on February 21, 2013.  On September 30, 2014, this Court entered an Order denying Favors's motion for a default judgment, granting motions to dismiss federal claims against multiple defendants without prejudice, and declining to exercise supplemental

jurisdiction over state law claims against those same defendants. Favors now brings two separate motions for relief from the Court's Order to dismiss under Federal Rule of Civil Procedure 60(b)(4). Because Favors has not met his burden under Rule 60(b)(4), the Court will deny Favors's motions for relief.

## BACKGROUND[2]

Favors is currently civilly committed as a "sexually dangerous and . . . sexually psychopathic person" at MSOP in Moose Lake. (Compl. ¶ 21, Feb. 21, 2013, Docket No. 1.) In 2008, Favors was serving a prison sentence for a criminal sexual conduct conviction with the Minnesota Department of Corrections ("DOC") in Stillwater. *Favors v. Jesson*, No. 13-108, 2013 WL 4052668, at *1 (D. Minn. Aug. 9, 2013). Because of the nature of his crime, the Dakota County District Court ordered Favors civilly committed to MSOP in August 2008 and the Minnesota Court of Appeals affirmed the commitment. *In re Civil Commitment of Favors*, No. A09-2306, 2010 WL 2486349, at *9 (Minn. Ct. App. June 22, 2010); (Order Partially Dismissing Habeas Pet. & Changing Venue ("Habeas Order"), Ex. 48 at 103, Oct. 31, 2013, Docket No. 106.) The DOC subsequently imposed on Favors conditional supervised release from his prison sentence, so that he could be civilly committed at MSOP. (Habeas Order at 103.) The release period was initially set to run through February 2011. (*Id.*) Favors's release was

---

[2] The Court will only briefly recount the basic facts and procedural history here. A more complete recitation of the facts can be found in the Court's previous Order. *Favors v. Hoover*, No. 13-428, 2014 WL 4954687, at *1-*5 (D. Minn. Sept. 30, 2014).

predicated on twenty-nine conditions, including that he would not stalk or harass others. (*Id.* at 104.)

Largely due to his interactions with and alleged stalking and harassment of defendant MSOP Security Counselor Michelle Hoover ("Hoover"), who Favors claims made entirely false and retaliatory allegations against him to cover up her romantic relationship with another MSOP patient, Michael Crow ("Crow"), Favors's release was revoked and he was temporarily transferred back to the custody of the DOC at Stillwater. (Compl. ¶¶ 263, 267.)  His imprisonment in Stillwater lasted seven months, at least two of which he spent in isolation.  (*Id.* ¶¶ 263, 279.)  In February 2011, Favors was released from the DOC's custody and returned to MSOP.  (*Id.* ¶¶ 293-96.)

On February 21, 2013, Favors filed the instant complaint, suing Hoover and some fifty-five other individuals and state entities for injuries suffered on account of his allegedly improper release revocation, imprisonment, and isolation.  (Compl.¶ 2.)  The crux of Favors's complaint is that his imprisonment and isolation were based on false accusations by Hoover, who was trying to cover up her inappropriate relationship with Crow.  Favors makes many other allegations, including that he was subjected to punitive confinement; a counter-therapeutic environment; inadequate treatment; retaliation; interference with and threats of punishment related to complaints; retaliatory isolation, discharge from treatment and imprisonment; a retaliatory criminal charge; cruel and unusual abuses; loss of personal property and wages, and lack of access to the courts. (*Id.* ¶¶ 100-02, 103-95, 196-204, 205-14, 229-66, 267-70, 330, 434-36, 439-43.)  He also alleges that MSOP officials, and other related state officials, failed to properly supervise

and train MSOP employees like Hoover. (*See, e.g.*, *id.* ¶¶ 23, 25-27, 38-41, 43, 47-49, 75-77.)

After reviewing his objections to United States Magistrate Judge Leo Brisbois's two Reports and Recommendations ("R&Rs"), this Court adopted the R&Rs, denied Favors's motion for a default judgment, granted motions to dismiss federal claims against Hoover and the majority of the remaining defendants without prejudice, and declined to exercise supplemental jurisdiction over his state law claims against those defendants. *Favors v. Hoover*, No. 13-428, 2014 WL 4954687, at *16-*17 (D. Minn. Sept. 30, 2014). Favors now brings two motions under Federal Rule of Civil Procedure 60(b)(4) for relief from the Court's prior Order. (*See* Mot. for Rule 60(b)(4) Relief from a Court Order, Mar. 19, 2015, Docket No. 251; Second Mot. for Rule 60(b)(4) Relief from a Court Order, Mar. 25, 2015, Docket No. 253.)

## DISCUSSION

### I. STANDARD OF REVIEW

Under Rule 60(b), the Court may relieve a party from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> 
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> 
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> 
> (4) the judgment is void;

> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "The rule 'provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances.'" *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008) (quoting *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986)). "Rule 60(b) is a motion grounded in equity and exists to prevent the judgment from becoming a vehicle of injustice." *Harley v. Zoesch*, 413 F.3d 866, 870 (8th Cir. 2005) (internal quotation marks omitted). Specifically, Favors seeks relief under Rule 60(b)(4).

## II. RULE 60 RELIEF

Favors has filed two separate motions for relief under Rule 60(b)(4). Favors repeats some legal arguments from his earlier briefing papers and raises some new ones. He primarily attacks the Court's conclusion that some of his claims are barred under the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). He argues that flaws in the Court's legal reasoning render its prior Order void under Rule 60(b)(4).

To recover damages under 42 U.S.C. § 1983, *Heck* holds that a "plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. That showing is called the "favorable-termination

requirement." In *Entzi v. Redmann*, 485 F.3d 998, 1003 (8th Cir. 2007), the Eighth Circuit clarified that a plaintiff would also have to meet the favorable-termination requirement when "challenging the duration of his imprisonment or the loss of sentence-reduction credits." In its prior Order, the Court overruled Favors's *Heck*-related objections. The Court concluded that because Favors's allegations against Hoover "impugn the validity of his parole revocation and imprisonment, and because Favors has failed to meet the favorable-termination requirement, his Section 1983 claims against Hoover, and the claims against other defendants the Magistrate Judge identified, (R&R at 18-19), are *Heck*-barred." *Favors*, 2014 WL 4954687, at *9.

Favors makes various arguments in his Rule 60(b)(4) motions for why *Heck* was improperly applied to his case. First and foremost, Favors argues that because he was no longer imprisoned and was instead civilly committed when he filed this lawsuit, his claims are not *Heck*-barred. *See, e.g.*, *Hanks v. Prachar*, 457 F.3d 774, 776 (8th Cir. 2006) ("We agree with [the plaintiff] that *Heck* [] likely did not apply, given that he had already served his sentence on the 1998 charges when he filed the instant lawsuit . . . ."); *Cohen v. Longshore*, 621 F.3d 1311, 1317 (10th Cir. 2010) ("We thus adopt the reasoning of [some other] circuits and hold that a petitioner who has no available remedy in habeas, through no lack of diligence on his part, is not barred by *Heck* from pursuing a § 1983 claim.")

Second, Favors argues that his prayers for injunctive relief were improperly dismissed, because *Heck* does not bar injunctive relief. Next, Favors argues that *Heck* does not bar any challenge to the procedures underlying his confinement. Favors also

argues that his claims are civil in nature and that *Heck* only applies to criminal matters; that *Heck* would not bar his challenge to his isolation while in prison; and that *Heck* does not bar retaliation-premised injuries.

Rule 60(b)(4) is a vehicle by which a losing party may petition the court to set aside a final judgment that is void. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 269-70 (2010). The rule applies to final judgments, does not allow for relief simply because a decision is erroneous, and is not a substitute for a timely appeal. *Id.* "Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* at 271. Here, since the Court's prior Order did not dismiss all of Favors's claims, and his case against certain defendants continues, Favors's Rule 60(b)(4) motions are not properly challenging a final judgment. Moreover, Favors has not shown that this case is the rare instance in which Rule 60(b)(4) relief is warranted: he has not established a jurisdictional error or violation of due process. Instead, his challenge amounts to an attempt to seek an appeal of the Court's prior Order. Rule 60(b)(4) is not a proper vehicle for appeal, however.

To the extent Favors is seeking reconsideration of the Court's prior Order, the local rules require that a party seek permission before filing a motion to reconsider. D. Minn. LR 7.1(j). Favors has not done so here. Even if the Court were to overlook Favors's failure to seek permission, however, Favors has not shown on the merits that the Court's prior Order should be changed. For example, Favors cites *Hanks* and out-of-circuit cases to argue that *Heck* does not bar his claims because he is no longer in prison

and cannot obtain habeas relief. The Eighth Circuit, however, has since expressly rejected that argument and held the opposite. *Newmy v. Johnson*, 758 F.3d 1008, 1010 (8th Cir. 2014) ("Four other circuits, including this one, have adhered to the conclusion . . . that the [*Heck*] favorable-termination rule still applies when a § 1983 plaintiff is not incarcerated.").

Similarly, to the extent Favors argues that *Heck* does not apply to requests for equitable relief, the Supreme Court has expressly held otherwise. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("These cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages **or equitable relief**), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – **if** success in that action would necessarily demonstrate the invalidity of confinement or its duration." (first emphasis added)). Moreover, to the extent Favors challenges the procedures used by the defendants, he is wrong that *Heck* is uniformly inapplicable to procedural challenges. Instead, it bars challenges to procedures that, if invalidated, would "necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson*, 544 U.S. at 82. Neither the R&R nor this Court's prior Order extended or applied *Heck* beyond those limitations. Favors's remaining arguments are also unavailing. In sum, the Court will deny Favors's motions for Rule 60(b)(4) relief.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Favors's motions for Rule 60(b)(4) Relief [Docket Nos. 251, 253] are **DENIED**.

DATED: October 21, 2015　　　　　　　　　　　　s/ John R. Tunheim
at Minneapolis, Minnesota.　　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　　　　　United States District Court